**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JEFFERY S. SEELBACH | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:04-CV-56 |
| | § | |
| MARION COUNTY ATTORNEY JAMES FINSTROM, ET AL. | § § § | |

**ORDER ADOPTING REPORT & RECOMMENDATION**

The plaintiff's objections (#37) to Magistrate Judge Chad Everingham's Report and Recommendation (#36) are overruled. The court therefore adopts the Magistrate Judge's Report and Recommendation, and grants the defendants' combined motion for summary judgment (#16).

Seelbach's principal objection is his belief that he was innocent of the charges against him. But the question before the court is one of probable cause.[1] "Probable cause to arrest an individual exists when the facts and circumstances within the arresting officer's personal knowledge, or of which he has reasonably trustworthy information, are sufficient to occasion a person of reasonable

---

[1] Seelbach also contends that there is a genuine issue of material fact as to whether he placed a padlock on the chain, and whether such padlock served to actually lock the gate he erected. In his Report, the Magistrate Judge indicated that Seelbach placed a padlock on the chain. As evident below, no genuine issue of material fact exists because Seelbach's own testimony supports Judge Everingham's statement of the facts.

> Q: Was there a padlock on the chain?
> A: Completely padlocked?
> Q: My question, sir, is: Was there a padlock --
> A: Padlock on the chain.
> Q: -- on the chain?
> A. Yes.

Motion for Summary Judgment, Exhibit A, pg 8.

prudence to believe an offense has been committed. A magistrate determines that probable cause exists from the totality of circumstances presented to him in the warrant application." *Bennett v. City of Grand Prarie, Tex.*, 883 F.2d 400, 404 (5th Cir. 1989) (citations omitted) (internal quotation marks omitted). As to this issue, "[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 (1979). The plaintiff's objections are misdirected in view of the law. The court therefore rejects the plaintiff's objections, and adopts the findings and conclusions contained in Judge Everingham's Report and Recommendation. The court grants the defendants' combined motion for summary judgment (#16).

    SIGNED this 31st day of August, 2007.

                                                      _____
                                                      T. JOHN WARD
                                                      UNITED STATES DISTRICT JUDGE